IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 03-cr-00214-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EMILIO HERRERA-MACIAS,

    Defendant.

---

FINDINGS OF FACT, CONCLUSION OF LAW and REASONS FOR
ORDER OF DETENTION

---

    THIS MATTER came before the Court for a detention hearing on September 30, 2011. The Court has taken judicial notice of the case file and considered the comments of counsel.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    The Bail Reform Act, 18 U.S.C. § 3142(g), directs the Court to consider the following factors in determining whether there are conditions of release that reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including –

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal,

or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the entire court file, and have considered the comments of counsel and testimony of the Probation Officer. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged with violating the conditions of his supervised release by possessing and using controlled substances on three occasions and failing to follow the instructions of the Probation Officer.

Second, I note that the Petition for Issuance of Warrant Due to Violations of Supervised Release contains detailed allegations regarding defendant's alleged failure to follow the Probation Officer's instructions which include that he drove a motor vehicle while his license was revoked, eluded police officers, drove under the influence of alcohol, attempted to bribe police officers, and threatened a police officer.

After considering all of the factors set forth in the Bail Reform Act and the offense charged in this case, I find, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the defendant's appearance in court. I further find, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of the community. In support of that finding, I note the factors listed above, as well as the lengthy sentence that could be imposed if the defendant is found guilty of the charged offense.

DATED and ENTERED this 30th day of September, 2011.

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix